NOT FOR PUBLICATION

1        UNITED STATES BANKRUPTCY COURT

2        EASTERN DISTRICT OF CALIFORNIA

3              FRESNO DIVISION

4

5  In re                          ) Case No. 19-10708-B-7
                                  )
6  **ANTONIO AVILES and MARTHA**  )
   **AVILES,**                    ) Docket Control #TMO-4
7                                 )
                   Debtors.       )
8                                 ) Date:  December 13, 2023
                                  ) Time:  9:30 a.m.
9                                 ) Dept:  U.S. Courthouse
                                  )        2500 Tulare St.
10                                )        Dept. B, Fifth Floor,
                                  )        Courtroom 13
11 _____ )

12

13

14     **RULING ON DEBTORS' MOTION FOR RECONSIDERATION**
       **OF ORDER VACATING DISMISSAL OF CHAPTER 13 CASE**

15

16                  **Introduction**

17     Debtors' Chapter 13 case was converted to Chapter 7 for

18  failure to perform a plan under 11 U.S.C. § 1307(c).[1]  Debtors

19  convinced the court to reconvert their case from Chapter 7 to

20  Chapter 13 after reaching an agreement with the Chapter 7 Trustee

21  for payment of a compromised commission under a modified Chapter

22  13 plan.  They now ask the court to reconsider an order vacating

23  a dismissal of their reconverted Chapter 13 that the court

24  mistakenly granted.  Finding no basis for relief under Civ. Rule

25  59(e)(Rule 9023) the motion to reconsider is DENIED.

26  _____

27  [1] All references to sections in this ruling shall be to sections of the United
    States Bankruptcy Code 11 U.S.C. § 101 et. seq.  Any references to the Federal
    Rules to Civil Procedure shall be prefaced by "Civ. Rule."  Any references to
28  the Federal Rule of Bankruptcy Procedure shall be prefaced by "Rule."

**I**

**A.**

Antonio and Martha Aviles ("Avileses" or "Debtors") confirmed a Chapter 13 Plan ("Plan") in June 2019.  Doc. #27. The Plan proposed 100% payment to unsecured claimants and had a 60 month term.  The Avileses were represented then by attorney Thomas Gillis.  Thomas Gillis was suspended by and then resigned from the State Bar during the Plan term.

Dissatisfied with the performance of a solar system at their residence, the Avileses sought counsel from friends.  Their friends told them to stop paying the solar company since the system did not work.  The Avileses unilaterally decided in 2023 to stop making payments under the Chapter 13 Plan.

The Chapter 13 Trustee ("Trustee") filed a motion to dismiss under § 1307(c)(1) and (6) for failure to make payments. Doc. #32.  The declaration supporting the motion showed over $30,000.00 in unencumbered equity above the Avileses' allowed exemption.[2]

Having received no opposition, the court issued a ruling on June 28, 2023, converting the Avileses' bankruptcy case to Chapter 7 because it was in the best interest of creditors and the estate under § 1307(c).  Docs. ##36, 37.  Peter Fear was appointed the Chapter 7 Trustee six days later.  Doc. #39.

///

///

---

[2] The available homestead exemption when the Avileses filed bankruptcy was $100,000.00 under prior California law.  Former Cal. Civ. Proc. Code ("CCP") § 704.730 (amended effective January 1, 2021, Stats. 2020 ch. 94 § 1 (AB 1855).)  The exemption scheme changed to significantly increase the available homestead exemption effective January 1, 2021.

About a month thereafter, the Debtors retained their current counsel, T. Mark O'Toole.  Doc. #49.  The Avileses then filed a motion to "reconvert" the case to Chapter 13.  Docs. ##57-61.

The reconversion motion was based on the argument that the Avileses were mistaken in not responding to the dismissal motion under Civ. Rule 60(b)(1) (Rule 9024).  This motion claimed that the Avileses received "bad advice from friends" and that the Avileses could not read the mailed notices from the court and the Chapter 13 Trustee since they were in English.  The Avileses also claimed that "any competent attorney would have taken action."  The motion stated that the Avileses wanted to propose a modified plan.[3]

The Avileses did not appear at the meeting of creditors for the Chapter 7 case.  The Chapter 7 Trustee caused the court to issue a notice to creditors to file claims since there appeared to be unencumbered equity in the Avileses' residence.  Doc. #65.

The Avileses' reconversion motion specifically stated that they requested the court reinstate the Debtors' Chapter 13 case and that the court continue the Trustee's motion to dismiss 60 days to enable the Debtors to propose a modified plan to complete the Chapter 13 case.  Doc. #57.  Mr. Aviles signed a declaration supporting the motion which stated "Our family cannot afford to lose our home.  If given a chance with the court, we will work with our attorney to confirm a plan and pay off our debt."  Doc. #59.[4]

---

[3] This motion also claimed that the Avileses were denied equal protection of the law and their fourteenth amendment rights were violated.  The court found no merit to those arguments and they were not pursued further.

[4] The declaration is in English and signed by Mr. Aviles.  The court questions

1    The Chapter 7 Trustee opposed the motion.  Doc. #71.  The

2  Chapter 7 Trustee argued there was no legal basis to reinstate

3  the Chapter 13 case.  *Id.*  The Chapter 7 Trustee also noted that

4  the Avileses did not appear at the Chapter 7 meeting of

5  creditors.  *Id.*  Finally, the Chapter 7 Trustee noted that if the

6  case was reconverted, the Avileses should be required to pay the

7  Chapter 7 Trustee's commission.  *Id.*

8    The Chapter 13 Trustee filed a response clarifying that his

9  office did have Spanish speaking employees and that had the

10  Avileses contacted the Chapter 13 Trustee, the Chapter 13 Trustee

11  would have answered Avileses' questions (without giving legal

12  advice) in Spanish should that be necessary.

13    In their reply to the opposition, the Avileses stated, "the

14  Debtor is willing to include the Chapter 7 Trustee fees in an

15  amended plan."  Doc. #76.

16    The court issued a tentative ruling granting the motion

17  which became the ruling of the court.  Docs. ##82-83.  In the

18  tentative ruling, the court noted that the Avileses agreed to pay

19  the Chapter 7 Trustee's fees.  So, the motion was granted.  The

20  case was reconverted to Chapter 13 on September 25, 2023.  Doc.

21  #88.  The order says nothing about vacating the initial

22  conversion order.  *Id.*

23    The Avileses did file a modified plan and a motion to

24  confirm that plan.  Docs. #92-95.  Also, the Avileses, through

25  their counsel, stipulated with the Chapter 7 Trustee that the

26  total commission that the Chapter 7 Trustee would be entitled to

27

28  whether Mr. Aviles fully understood the declaration given the Avileses'
apparent limited English skills.

4

if the Avileses' residence had been sold in the Chapter 7 case was $18,250.00. But the Chapter 7 Trustee agreed to accept $5,000.00. The Chapter 7 Trustee and Avileses' counsel signed the stipulation. Doc. #102.

**B.**

After the reconversion to Chapter 13 and the filing of the amended plan, the Chapter 13 Trustee objected to confirmation of the plan. The Avileses did not appear at the meeting of creditors for the Chapter 13 case scheduled for November 13, 2023.

In response, on November 13, 2023, the Avileses' counsel submitted an *ex parte* motion to dismiss stating that the Debtors cannot afford to make plan payments. Doc. #107. The court, improvidently, granted the dismissal order. Doc. #109.

That same day, the Chapter 7 Trustee, Peter Fear, filed an ex parte motion for the court to reconsider the dismissal. Doc. #111.

The next day, the court vacated the dismissal order thereby reinstating the Chapter 13 case. Doc. #113.

A day later, the Chapter 13 Trustee filed a motion to reconvert the case from Chapter 13 to Chapter 7. Doc. #115. The Chapter 13 Trustee stated that he filed opposition to the Plan in part due to the requirement the Debtors' plan term could not exceed 60 months. *Id.* The Chapter 13 Trustee further averred that there had been no payments made by the Debtors since the reconversion to Chapter 13.

///

The Avileses then filed this motion asking the court to reconsider its ruling vacating the dismissal of the Chapter 13 on November 15, 2023.  Docs. ##120-123.

The Avileses argue that the court should apply equitable principles and permit the case to be dismissed so the Avileses can "save their house."  They also argue that the previous order reconverting the case to Chapter 13 from Chapter 7 was actually an order vacating the original conversion order.  Thus, the Avileses argue, once the case was reconverted to Chapter 13, the Avileses had the absolute right to dismiss the case under § 1307(b).

**C.**

The United States District Court for the Eastern District of California has jurisdiction over this proceeding under 28 U.S.C. § 1334(b)in that this is a civil proceeding arising under Title 11 of the United States Code.  The District Court has referred this matter to this court under 28 U.S.C. § 157(a).  This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

**II**

**A.**

The Avileses contend that they are now seeking relief from the order vacating the dismissal of the Chapter 13 case under Civ. Rule 59(e)(Rule 9023).  There was no error in vacating the dismissal order.

Civ. Rule 59(e) is an extraordinary remedy to use sparingly in the interest of finality and conservation of judicial

resources.  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2006).  Such motion should not be granted, absent highly unusual circumstances, unless the [bankruptcy] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law.  *Id.*  The Avileses do not raise new evidence or change of existing law as a basis for the motion.  Instead, they claim vacating the dismissal was erroneous and that equity supports dismissal of their case.

     The Debtors here cite *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3rd Cir. 2003) to argue that their motion allows "re-litigation of all issues."  *Fiorelli* is inapposite.  That case involved timeliness of an appeal and whether the appellate court had jurisdiction.  The discussion of "re-litigation" is dicta.  Also, the District Court there denied a motion to reconsider its order denying a prisoner's motion that his sentence was erroneously imposed because of ineffective assistance of counsel under 28 U.S.C. § 2255.  The issue was whether the prisoner's notice of the District Court ruling was timely given delay by the prison officials in notifying the prisoner.  *Id.* at 284.  The appellate court held the time to file a motion to reconsider was tolled during the delay and thus the time to file an appeal was also tolled.  *Id.* at 289-90.  *Fiorelli* has never been cited in a published case in the Ninth Circuit.

     The Debtors also argue that § 1307(b) only prevents dismissal if there is a "conversion" to the chapter instead of a "reconversion."  The argument is not logical.  Even if it was,
///

the Debtors cite no authority that if a case is reconverted to Chapter 13, it is anything other than a "conversion."

The fact is that once a case is converted to Chapter 13 from Chapter 7, the debtor's absolute right to dismiss is gone. Section 1307(b); *Nichols v. Marana Stockyard & Livestock Market, Inc.,* 10 F.4th 956, 964 (9th Cir. 2021); *In Re Barbieri,* 199 F.3d 616, 620, (2nd Cir. 1999) (holding that granting a motion to convert under § 1307(c) forecloses dismissal under 1307(b)).

There can be no dispute that the case was originally converted to Chapter 7 under § 1307(c) in the best interest of the creditors and the estate.  The Debtors' position, if upheld, would permit a debtor to "reconvert" as long as a debtor did not choose to convert to Chapter 7.  That is not the law.

Debtors' argument that the court "vacated" its order converting the case to Chapter 7 when it granted Debtors' motion to reconvert to Chapter 13 is incorrect.  Debtors here assume that the case was originally converted to Chapter 7 because the Debtors did not appear in opposition to the motion to dismiss the case that was brought by the Chapter 13 Trustee.  Not true.  The case was converted because of the failure of the Debtor to make payments under the plan and it was in the best interest of the estate and the creditors under § 1307(c) to convert the case to Chapter 7 in the first place.

Under Civil Rule 60(a) a court may correct "a mistake arising from oversight or omission whenever found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Since the case was converted from Chapter 7 to Chapter 13 *at the request of the*

1  *Debtors*, the Debtors had no absolute right to dismiss the case.
2  The court mistakenly dismissed the case but quickly vacated the
3  dismissal.  That was not error.  That was correcting the status
4  of the case.

5      Additionally, the Debtors filing of their "Motion to
6  Reconvert to Chapter 13" after conversion to Chapter 7 did
7  nothing to change the finality or suspend the operation of the
8  original conversion order.  Civ. Rule 60(c)(2)(Rule 9024).  Rule
9  60(b) permits "relief" from a previous order.  It does not
10 command the order be vacated.

11

12                              **B.**

13     True enough, the general rule is that when a judgment has
14 been rendered and later set aside or vacated, the matter stands
15 precisely as if there had been no judgment.  The vacated judgment
16 lacks force and effect and places the parties in the position
17 they occupied before the judgment.  *Ditto v. McCurdy*, 510 F.3d
18 1070, 1077 (9th Cir. 2007)(quoting 47 Am Jur 2d *Judgments* § 676
19 (2006).  But that does not mean the court cannot reconsider an
20 order vacating and therefore reinstate a previous judgment.

21     Even if the court was somehow unable to correct the record
22 under Civ. Rule 60(a), under the facts of this case, the Debtors
23 are estopped from claiming the court's granting of the motion
24 reconverting the case to Chapter 13 vacated its previous
25 conversion order.

26     Judicial estoppel is an equitable doctrine invoked by a
27 court at its discretion.  *Ah Quin v. County of Kauai Dept. of*
28 *Transportation*, 733 F.3d 267, 270 (9th Cir. 2013).  The purpose

of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001). It may be invoked by the court *sua sponte*. *Id.* Citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

Three factors considered by the court in invoking judicial estoppel are (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether a party had succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position would create the perception that either the first or second court was misled; (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire*, 532 U.S. at 751. Additional considerations may inform the doctrine's application in specific factual contexts. *Id.* at 751. The Debtors are judicially estopped from asserting that the original conversion order was vacated.

### 1.

The Debtors' positions are clearly inconsistent.

The Debtors' own motion sought to have the case reconverted to Chapter 13. The Debtors wanted relief from the original conversion order by "reconverting" the case to Chapter 13. The Debtors couched the basis for the relief as caused by the Debtors' mistake. But the parties (the Debtors and the Chapter 7 Trustee) agreed on a resolution and the Debtors, through counsel,

even agreed to allowance of the Chapter 7 Trustee's administrative claim.  Debtors admitted the commission to the Trustee could have been $18,250.00 and the Chapter 7 Trustee agreed to accept $5,000.00 as an administrative claim.

The Debtors' declaration stated they intended to file a modified plan.  The Debtors agreed to include the Chapter 7 Trustee fees in an amended plan.  It is simply revisionist history, at this time, to claim what the Debtors really wanted in their "reconversion motion" was something other than what they claimed.  There is also no realistic basis for the Debtors to now claim the court "intended" to vacate the original conversion order.  That was not the relief granted on the Debtors' motion to reconvert.

### 2.

The Debtors succeeded previously in convincing the court to reconvert the case to Chapter 13.  The court's tentative ruling which was adopted as a final ruling states that.

The Debtors reply to the Chapter 7 Trustee's opposition stated the Debtors agreed that the Trustee's commission could be a priority claim in the Chapter 13 case.

The court ruled in the Debtors' favor when they asked for reconversion.  For the Debtors now to state they really intended to vacate the original conversion order suggests that the court was misled when it reconverted the case to Chapter 13.

///

///

///

**3.**

Unless estopped, the Debtors will gain an unfair advantage. After conversion of the case to Chapter 7, significant acts occurred that the Debtors ignore.  The Chapter 7 Trustee conducted a meeting of creditors and the Debtors did not appear. The Chapter 7 Trustee determined to sell the Debtors' real property and pay the Debtors the homestead they claimed.  Then, and only then, did the Debtors hire their counsel.

As mentioned above, the Chapter 7 Trustee compromised on his commission claim.

To permit the dismissal of the case on the Debtors' motion under these facts does give the Debtors an unfair advantage that is not warranted here.  The Debtors minimize the Trustee's interests and the expenditure of Trustee time because other meetings of creditors were scheduled at the time the Debtors chose not to appear before the Chapter 7 Trustee.

That ignores the reality that in addition to conducting the meeting of creditors, the Chapter 7 Trustee began his duties to administer the estate.  Trustees are compensated by commission. The Debtors were disingenuous to assert the Trustee should not have a claim when they agreed he should.

Judicial estoppel applies.  The Debtors are estopped from claiming the court's previous conversion order was vacated.

**C.**

The court cannot give equitable relief to the Debtors under these circumstances.

///

The Debtors claim that the court should exercise its equitable power and permit dismissal of the Chapter 13 case. The request fails on two levels.

First, under *Law v. Siegel*, 571 U.S. 415 (2014), the court is unable to evoke equitable considerations to contravene express language of the Bankruptcy Code. Section 1307(b) does permit the debtor at any time to request dismissal of a Chapter 13 case. But there is one statutory exception. If the case was converted under § 706 (and other sections inapplicable here) the case is not to be dismissed on the debtor's request. The Ninth Circuit has recently reiterated that there is a single exception to the debtor's general right to dismiss a Chapter 13 case. See, *Nichols*.

Second, the equitable landscape does not favor the Debtors here. The Debtors made a conscious decision to stop making payments under their Chapter 13 plan. To be sure, that may have been due to poor "friendly" advice. Nevertheless, it was the Debtors' decision to follow that non-legal advice. Though lacking an attorney is a mitigating factor, the Debtors also had the Chapter 13 Trustee at their disposal and chose not to even pursue that avenue.

In addition, the Debtors, through their new counsel, agreed to a resolution of the dispute concerning the Debtors' efforts to reconvert the case to Chapter 13 from Chapter 7. They now seek to avoid the agreement that was made which involved a substantial compromise on the part of the Chapter 7 Trustee, a compromise they now seek to disavow.

The Debtors did not appear for their Chapter 7 meeting of creditors nor did they appear for their Chapter 13 meeting of

creditors after the case was reconverted.  On both occasions, they had counsel.

The Debtors also, through counsel, submitted an ex parte request for dismissal which was not permissible under § 1307(b). They invited the error.  After representing to the court that they intended to follow through with a modified Chapter 13 plan recognizing the priority claim of the Chapter 7 Trustee, they decided to dismiss the case because they could not make the plan payment.  There is no evidence in the record of an attempt to further modify the plan or otherwise complete a Chapter 13 case. In short, the court gave the Debtors the relief they requested. They now want to dismiss and simply ignore what has happened.  That does not justify equitable relief.

### CONCLUSION

For the foregoing reasons, the Debtors' motion to reconsider the court's order vacating dismissal shall be DENIED.  A separate order shall issue.[5]

**Dated**: Dec 14, 2023                    **By the Court**

**René Lastreto II, Judge**
**United States Bankruptcy Court**

---

[5] The foregoing are the court's findings and conclusions as required by Civ. Rule 52 made applicable to contested matters under Rule 9014(c).  Any finding of fact deemed to be a conclusion of law is adopted as such.  Any conclusion of law deemed to be a finding of fact is adopted as such.

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

    The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Antonio Aviles
Martha Aviles
9365 Bogart Court
Delhi CA 95315

Michael H. Meyer
PO Box 28950
Fresno CA 93729-8950

Peter L. Fear
PO Box 28490
Fresno CA 93729

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

T. Mark O'Toole
1006 H Street
Modesto CA 95354