NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| In re | ) Case No. 19-10708-B-7 |
|  | ) |
| **ANTONIO AVILES and MARTHA AVILES,** | ) Docket Control #TMO-5 |
|  | ) |
| Debtors. | ) Date: January 31, 2024 |
|  | ) Time: 9:30 a.m. |
|  | ) Dept: U.S. Courthouse |
|  | )       2500 Tulare St. |
|  | )       Dept. B, Fifth Floor, |
|  | )       Courtroom 13 |

**RULING ON DEBTORS' MOTION FOR STAY OF BANKRUPTCY PROCEEDINGS UNTIL THE DECISION OF THE BANKRUPTCY APPELLATE PANEL IS RENDERED**

**Introduction**

Antonio and Martha Aviles ("Debtors") have appealed this court's ruling denying reconsideration of an order vacating an improvident dismissal of their chapter 13 case.[1] Though their chapter 13 case is still pending, Debtors now ask the court to stay all proceedings until the appellate court rules. The Debtors have not made a strong showing that they would likely prevail on appeal nor that they would be irreparably harmed without a stay. For these and other reasons, the motion for stay pending appeal is DENIED.[2]

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. Any references to "Civ. Rule" shall be to the Federal Rules of Civil Procedure. Any references to "Rule" shall, unless otherwise specified, be to the Federal Rules of Bankruptcy Procedure.
[2] The following are the court's findings of fact and conclusions of law.

1

**I**

**A.**

The pertinent facts for this motion are set forth in this court's ruling on the Debtors' *Motion for Reconsideration of Order Vacating Dismissal of Chapter 13 Case* ("Reconsideration Ruling") entered December 14, 2023 (Doc. #136). Any other pertinent facts are set forth in this ruling.

Following the issuance of the Reconsideration Ruling and order (Docs. ##136, 138) the Debtors filed a timely notice of appeal on December 27, 2023. Doc. #158. Based on the notice of appeal, the only order appealed is the order issued with the Reconsideration Ruling.

On January 24, 2024, Debtors filed this motion. The court granted the Debtors application for an order shortening time the same day. The motion was heard January 31, 2024, and taken under submission. No party requested further briefing.

**B.**

The United States District Court for the Eastern District of California has jurisdiction over this proceeding under 28 U.S.C. § 1334(b) since this is a civil proceeding arising under Title 11 of the United States Code. The District Court has referred this matter to this court under 28 U.S.C. § 157(a). This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

///

///

---

Should any finding of fact be deemed a conclusion of law it is adopted as such. Should any conclusion of law be deemed a finding of fact it is adopted as such.

**II**

A stay pending appeal is not a matter of right, even if irreparable injury might otherwise result. *Niken v. Holder*, 556 U.S. 418, 433 (2009) quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). "It is instead an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* quoting *Virginian*, 272 U.S. at 672, 73.

The party requesting the stay pending appeal bears the burden of showing that the circumstances justify an exercise of that discretion. *Niken*, 556 U.S. at 433-34. To find a stay should be issued, the court must determine: "(1) whether the stay applicant has made a strong showing that the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) quoting *Niken*, 556 U.S. at 434. "The first two factors…are the most critical." *Id.* The last two steps are reached "once an applicant satisfies the first two factors." *Id.* at 435. As will be seen, movants here have not demonstrated the basis for a stay.

**A.**

Movants have not made a strong showing that they are likely to prevail on appeal.

The bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. *Weiner v.*

*Perry, Settles & Lawson, Inc. (In Re Weiner)*, 161 F.3d 1216, 1217 (9th Cir. 1998). A bankruptcy court abuses its discretion if it applies an incorrect legal rule or makes factual findings that are illogical, implausible, or not supported by the record. *U.S. v. Hinkson*, 585 F.3d 1247, 1261, 1262 (9th Cir. 2009)(*en banc*). The court here has applied the correct legal rule to the facts presented.

Movants' argument predicates on the assumption that when the court "reconverted" the chapter 7 case to chapter 13, the court vacated the original order converting the case to chapter 7 because of the best interest of the creditors under U.S.C. § 1307(c). The facts do not support the assumption.

**1.**

It is not enough on a motion for stay that the chance of success on the merits be "better than negligible." *Niken,* 556 U.S. at 434. As set forth in the Reconsideration Ruling there is nothing in Civ. Rule 60 (Rule 9024) requiring a court to vacate an order to provide the relief sought by the motion.[3] The actual order here granting Debtors' motion to reconvert the case to chapter 13 (which order was prepared by Debtors' counsel) says nothing about vacating the original order converting the case to chapter 7. Doc. #88.

Also, Civ. Rule 60(b) provides that the court may relieve a party from a judgment on "just terms" leaving a spate of options available to a trial court to fashion appropriate relief. See

---

[3] It bears repeating that the Debtors' motion for reconsideration was brought under Civ. Rule 59(e)(Rule 9023) and not Civ. Rule 60 (Rule 9024).

4

*eg. Rodriguez v. Bowen*, 678 F.2 1456, 1458 (E.D. Cal. 1988) (Upon reconsideration, the court affirmed a previous order and ordered attorneys' fees to be paid by defendant); *Schanen v. United States Department of Justice*, 798 F.2d 348, 350 (9th Cir. 1986)(remanding a case to the trial court to award costs and fees against the government because of prolonged proceedings due to the government's lack of diligence); *Graziadei v. Graziadei (In Re Graziadei)*, 32 F.3d 1408, 1411 (9th Cir. 1994) (affirming a district court order requiring restitution of funds obtained to satisfy a judgment when the judgment was subsequently declared void).

Debtors' reliance on *Ditto v. McCurdy*, 510 F.3d 1070, 1077 (9th Cir. 2007) is misplaced. There, an intervening change in the law while a case remained opened after a Rule 60(b) motion was granted permitted the court of appeals to affirm the district court's affirmance of a bankruptcy court setting aside a dischargeability judgment for fraud related to a medical malpractice claim. No such facts are present here. The court granted the relief requested by the Debtors – reconversion to chapter 13 from chapter 7 – without vacating any previous order. Under controlling ninth circuit law, the Debtors had no right to unilaterally dismiss the chapter 13 case. *Nichols v. Marana Stockyard & Livestock Market, Inc.*, 10 F.4th 956, 964 (9th Cir. 2021).

Vacating the order dismissing the chapter 13 case after reconversion was not error. In fact, under *Nichols* and § 1307(b) the dismissal of the case after reconversion at the Debtors'
///

5

request was erroneous.  The court had authority under Rule 60(a) to correct the error.  That is what the court did.

Debtors make a trifling due process reference because the order vacating the dismissal upon the Chapter 7 trustee's request was entered without hearing.  First, that does not diminish the authority of the court under Civ. Rule 60(a).  It is also sophistry.  It was the Debtors who invited the error by submitting the dismissal motion and order *ex parte*.

Second, even if it was erroneous to vacate the dismissal without a hearing, it was harmless.  The Debtors filed a prompt motion for the court to reconsider the ruling and had a full and fair opportunity to raise all of their objections.  The motion was heard, and the court issued the Reconsideration Ruling.  Doc. #136. The Debtors' due process rights were fully utilized.

Notwithstanding the above, the Debtors are judicially estopped from now contending the court vacated the order converting the case to chapter 7.

**2.**

The Reconsideration Ruling detailed the elements of judicial estoppel and applied those elements to the facts here.  Doc. #136.  The Debtors did not address judicial estoppel in a meaningful way in their motion to stay.  Instead, the Debtors trivialize and simply state that the judicial estoppel doctrine as applied in this case is "erroneous."

Application of judicial estoppel is not erroneous.  Debtors present no factual or legal argument contesting its applicability.

6

1     In fact, at the hearing on this motion, the chapter 13 trustee's counsel referenced the transcript of the hearing where the court granted the Debtors' motion for reconversion. During that early hearing, the court stated it would approve the reconversion of the case from chapter 7 to chapter 13 under § 706. The court went on to state that the Debtors did not have the right to dismiss under § 1307 if the case is reconverted. Debtors' counsel stated that he understood. Doc. #87 at 2:38-3:05.

    The Debtors' position currently is inconsistent with their earlier position. Based upon the Debtors' previous position, the court reconverted the case to chapter 13. For this court to accept the Debtors current inconsistent position would create a perception that this court was misled. Finally, the Debtors would derive an unfair advantage if not estopped. Specifically, the chapter 7 trustee's actions would be for naught. The chapter 7 trustee's compromise on his commission claim would be ineffective. There is nothing in the order granting the Debtors' motion for reconversion suggesting that the original order converting the case to chapter 7 was vacated. Debtors are judicially estopped from now claiming otherwise. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *Ah Quin v. County of Kauai Dept. of Transportation*, 733 F.3d 267, 270 (9th Cir. 2013).

///
///
///
///

7

**B.**

1.

The Debtors have not shown irreparable injury if the stay is not granted. Debtors contend that if the chapter 13 case was reconverted again to chapter 7 on the chapter 13 trustee's motion, the chapter 7 trustee would sell the Debtors' residence causing irreparable damage. Debtors also claim there is no alternative to resist conversion since there are only three months left of their 60-month plan and they are unable to complete the plan. The Debtors present no fact supporting their inability to complete the plan or why they could not have earlier modified the plan. What the Debtors ignore is that this court does not currently have the power to alter the status quo and convert or dismiss the case since that would affect the pending appeal.

Simply showing "some possibly of irreparable injury" fails to satisfy this factor. *Niken*, 556 U.S. at 434-35. The Debtors' cited cases on this issue either do not support their position or the authority has been rejected by subsequent cases. *Abbassi v. I.N.S.*, 143 F.3d 513 (9th Cir. 1998) has been rejected by the Supreme Court in *Niken* as too lenient on the irreparable harm factor. *See Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (holding "the [Debtors'] burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as [the party seeking the stay] must show that an irreparable injury is a more probable or likely outcome"). Debtors only other cited case on this subject , *Hilton v. Braunskill*, is inapplicable. See 481 U.S. 770, (1987) (applying

the traditional stay pending appeal tests to a successful habeas petitioner). Given this court's current limited power, Debtors have not shown that an irreparable injury is a more probable or more likely outcome.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Marino v. Classic Auto Refinishing, Inc. (In Re Marino)*, 234 B.R. 767, 769 (9th Cir. B.A.P. 1999) (quoting *Trulis v. Barton*, 107 F.3d 685, 694-95 (9th Cir. 1995)). The filing of an appeal will divest the bankruptcy court of jurisdiction to hear and decide matters that will affect the order on appeal. *Hill & Sanford, LLP v. Mirzai (In Re Mirzai)*, 236 B.R. 8, 10 (9th Cir. B.A.P. 1999). In the bankruptcy context "[a] pending appeal divests a bankruptcy court of jurisdiction to vacate or modify an order which is on appeal" *Marino* 234 B.R. at 769. The bankruptcy court must make a distinction between action to enforce the order or judgment on appeal, which actions are permissible, and actions to expand upon or alter the order or judgment on appeal, which actions are impermissible. *Id.* at 770; *Mirzai*, 236 B.R. at 10.

It is impermissible for the court to alter the judgment that is on appeal. Here, the order denying the motion to reconsider (and presumably the order vacating the dismissal on the chapter 13 case) would be altered and modified if the court dismissed the case or converted the case to chapter 7. So, the Debtors suffer no irreparable injury if the stay of proceedings is not granted. The court retains "jurisdiction to take actions that preserve the

9

status quo during the pendency of an appeal," although the court "may not finally adjudicate substantial rights directly involved in the appeal." *Neary v. Padilla (In Re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000).

**2.**

Though the Debtors have not shown irreparable injury to support a stay, there is an independent ground to deny this motion. "An exception to the rule divesting the bankruptcy court of jurisdiction upon the appeal recognizes the trial court's continuing authority to 'proceed with matters not involved in the appeal'." *Mirzai* 236 B.R. at 10 (citing *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988).

Debtors' stay request here is unlimited. Debtors seek an order staying all proceedings in the bankruptcy case until the bankruptcy appellate panel rules. Thia is far more extensive relief than necessary. The irreparable harm prong has not been met by the Debtors here. But even if it had, there is not a basis to stay all proceedings in the bankruptcy case. For example, an affected party may wish to seek stay relief. The court should not be precluded from acting on that request. The Debtors have alluded to seeking a loan to complete their plan. The pendency of the appeal should not interdict the court from considering a loan request. The "all or nothing" nature of Debtors' stay request is unsupported.

Debtors have not met the first two and most important elements to support a stay pending appeal. Under *Niken*, this court need go no further in denying the motion. Nevertheless,

10

for the benefit of a reviewing court, the court will briefly review the remaining elements.

**C.**

The next element looks to the effect a stay will have on third parties interested in the proceeding militates against the stay. The Debtors' only argument is that there is no substantial damage to staying the entire case because creditors have been paid a majority of their claims. The court disagrees.

The plan confirmed in this case calls for 100% payment to unsecured creditors. The Debtors unilaterally decided not to pay the plan payments. Though unsecured creditors have received payments during a majority of the plan term, the plan has not been completed. Further delays are, by themselves, harmful to unsecured creditors.

In addition, the breadth of the stay request proposed by the Debtors would preclude claimants with rights in collateral to seek stay relief. Also, other relief requested by the chapter 13 trustee or third parties would be precluded if the stay is granted as prayed by the Debtors. If the Debtors' motion is granted, modification of the plan under § 1329 would also be precluded.

On balance, third parties would be injured if the stay as requested by the Debtors was effective.

**D.**

Finally, the public interest lies with completing the case. The Debtors' only argument here is that the case will be

converted on February 14, 2024, resulting in the sale of the Debtors' home before the appeal can be decided. Because of those possibilities, the delay of proceedings is outweighed by the Debtors' interests. The court has already dealt with the issues concerning its current power to convert the case.

This case has been pending since 2019. The Debtors unilaterally chose not to pay the chapter 13 plan payments because, we are told, the Debtors were dissatisfied with a solar system. The Debtors unfortunately conflated their dissatisfaction with a solar company and their duties to continue to make the plan payments.

The public interest is to have bankruptcy cases speedily and justly administered and concluded. See Rule 1001. The public interest in finalizing these proceedings in light of the current limits to this court's power, militate against a stay pending appeal.

## Conclusion

For the forgoing reasons, the Debtors' motion for stay pending appeal shall be DENIED. A separate order shall issue.

Dated: Feb 05, 2024

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

12

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

    The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Antonio Aviles
Martha Aviles
9365 Bogart Court
Delhi CA 95315

Lillian G. Tsang
P.O. Box 3051
Modesto, CA 95353-3051

Peter L. Fear
P.O. Box 28490
Fresno CA 93729

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

T. Mark O'Toole
1006 H Street
Modesto CA 95354